KRUEGER, APPELLANT, *v.* TUCKER, APPELLEE.

(No. 7783—Decided October 26, 1953.)

Mr. C. R. Beirne, for appellant.
Messrs. Harmon, Colston, Goldsmith & Hoadly and Mr. Henry B. Street, for appellee.

*Per Curiam.* This is an appeal on questions of law from an order granting a new trial. The jurisdiction of this court depends upon whether the record clearly

shows that the trial court acted unreasonably, arbitrarily, or unconscionably. We, therefore, confine ourselves to a consideration of the record as it bears upon the question of abuse of discretion.

The jury had returned a verdict for the plaintiff. At that point, one of the jurors called on the trial judge and told him that two of the jurors had gone to the scene of the accident, made observations, and reported their observations to the other jurors during their deliberations. The court told her that she had done right in coming to him and that "from what you have said I feel that the jury did not follow the law as the court gave it to them but went out and did what they pleased."

After this interview, the judge notified the defendant's attorney, and he notified the plaintiff's attorney that the interview had taken place, but did not tell him what had been said. However, a court reporter was present and took notes of the conversation. These notes were transcribed and filed with the papers in the case where plaintiff's attorney found them while preparing the bill of exceptions.

The conduct of those jurors was made the basis of one of the grounds alleged for a new trial. Affidavits were filed and several jurors testified as to what had happened. It is clear that nothing was said to the judge privately which was not developed in open court. The parties were, therefore, informed of everything which was before the court and which might have influenced the court in reaching a decision on the motion for a new trial.

It is urged that the judge had prejudged the motion, and that that is disclosed by what he said in the interview. We cannot agree with counsel on this point. The juror told him of acts by other jurors which obviously constituted misconduct, and which were con-

trary to the law and the instructions of the court. The judge said that from the recital he felt that the jurors had disobeyed the law and instructions. We do not construe this language as indicating a closed mind. He did not say he believed what had been told him. It was an opinion based on a hypothesis. He stated the natural reaction of a lawyer to such conduct on the part of a juror, and, at the hearing on the motion for a new trial, the conduct of the jurors was fully developed, so that there was nothing within the knowledge of the judge on this subject that was not also within the knowledge of counsel for both parties. The evidence discloses no extraneous fact that might have influenced the judge in passing upon the motion for a new trial.

It should be said also that the new trial was granted on two other grounds, namely, that the verdict is manifestly against the weight of the evidence, and that the damages were excessive and arrived at through passion and prejudice.

Our conclusion is that the record fails to show an abuse of discretion and, therefore, that this court has no jurisdiction to review the order appealed from.

The appeal is dismissed.

*Appeal dismissed.*

MATTHEWS, P. J., ROSS and HILDEBRANT, JJ., concur.